IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ELMER DWAYNE BLANKENSHIP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-37-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner ELMER DWAYNE BLANKENSHIP on March 1, 2018. [ECF 3]. At the time he filed the instant habeas application, petitioner was incarcerated at the Clements Unit in Potter County, Texas.

By his federal habeas application, petitioner appears to claim he is being held unlawfully because respondent and/or the Texas Board of Pardons and Parole ("Parole Board") violated state statutory procedures when considering, and denying, his release to parole, and in scheduling petitioner's next parole review. As relief in this federal habeas corpus proceeding, petitioner appears to seek an Order from this Court directing respondent or the Parole Board to (1) conduct an immediate parole review for petitioner to consider whether he should be released to parole; and (2) follow state law "to the letter" when considering petitioner for release to parole during the parole review. Petitioner contends that if such relief is granted, it will assuredly result in his release to parole.

On August 1, 2019, the Court mailed petitioner, at his address of record, a copy of Special Order 3-327 entered in this case. [ECF 4]. On August13, 2019, the mailing was returned to the Court unopened with the notations "RTS" and "Discharged." [ECF 5]. Inquiry to the online Offender Information Search website maintained by the Texas Department of Criminal Justice (TDCJ) reflects petitioner is no longer confined in a TDCJ prison facility.

As noted above, petitioner's only requested relief in this proceeding is an order from the Court requiring respondent or the Parole Board to conduct a parole review for petitioner, strictly adhering to state law. It appears to the Court that petitioner has received a parole review and has been released from incarcerated custody to parole. Consequently, the relief petitioner seeks in this federal habeas corpus proceeding is no longer available. Accordingly, the instant federal habeas corpus petition should be dismissed as moot.

Alternatively, petitioner's case should be dismissed for want of prosecution. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). Petitioner has failed to apprise the Court of the status of his parole review, his actual release to parole, or that he has received the relief he was seeking in this proceeding. Moreover, petitioner has failed to file a change of address with the Court as required by the Local Civil Rules for the Northern District of Texas. *See* Civil Rule 1.1(c)(2), 83.13, 83.14. Such neglect also warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus* filed by petitioner ELMER DWAYNE BLANKENSHIP be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 27, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE